This is a suit for specific performance of a contract for conveyance of real estate. Defendant refused to accept plaintiffs' proffer of conveyance upon the ground that title to the premises was substantially doubtful and unmarketable. The case is submitted for decision upon the pleadings and stipulation of facts.
Plaintiffs' title springs from a deed made by William M. Cook, unmarried, dated October 24, 1925. He was the son of Jesse Cook who died seized of the premises on February 7, 1894, and who devised the same by will in the following language:
"On and after the death of my wife or upon her again marrying it is my will and I do order that none of the above mentioned real estate shall be sold at public vendue but that it shall be equally divided between my three sons, Jesse V. Cook, John W. Cook and William M. Cook, share and share alike as soon as may be and that the portions set off and assigned to my two sons, Jesse V. Cook and John W. Cook shall be respectively theirs, their heirs and assigns forever, but that the portion set off and assigned to my son, William M. Cook shall remain his, only during his natural life and after his death it shall go to such person or persons as would by law inherit the same if he had an estate in fee simple." *Page 564 
Defendants contend that under the said devise plaintiffs' predecessor in title, William M. Cook, took only a life estate in the premises in question with remainder over upon his death to his heirs; and, accordingly, they refused to take plaintiffs' title tendered under the contract because it did not convey the lands in fee simple. Plaintiffs submit that the devise vested the fee to the premises in William M. Cook by operation of law because it invokes the rule in Shelley's case whereby a devise of a freehold estate with limitation, mediate or immediate, over to devisee's heirs passes the whole estate or fee to the devisee. It is conceded that equity will decree specific performance of an agreement to convey real estate only where the title is free from substantial doubt and marketable.
It is clear that when the devise to William M. Cook became effective in 1894, under the will of his father, Jesse Cook, the rule in Shelley's case subsisted in this state except to the extent to which it was modified by statute; which modification excepted its application only in case lineal descendents survived the life tenant (P.L. 1846, C.S. 1910, p. 1921, § 10). This statute does not preclude the rule in this case because it is agreed that William M. Cook died in 1934 leaving no issue, nor representative thereof.
Counsel submit, and my examination of the authorities leads me to the conclusion, that the question under consideration — the effect and extent of the devise to William M. Cook — is controlled by the principles expounded in Lippincott v. Davis,59 N.J.L. 241 (E. A. 1896) and Peer v. Hennion,77 N.J.L. 693 (E. A. 1909). The task is to apply these principles correctly.
In Lippincott v. Davis, supra, the devise in question was as follows:
"Item: I give and bequeath to my son, Job Gaskill, my farm, of late occupied by him, situate in the township of Northampton, in the county of Burlington, with all things properly belonging thereto, during his natural life, and afterward to descend unencumbered to his lawful heirs, subject, however, to the payment of $3,000 to his brother, Israel Gaskill, as hereinafter devised." *Page 565 
Chief Justice Beasley, speaking for the Court of Errors and Appeals, held that the devise to Job Gaskill was of an estate in fee because "the clause would be subject to the absolute control of the rule established in Shelley's case." He held that the limitation after the life estate was to the life tenant's heirs general thus vesting the whole estate in him; and he pointed out that the rule was one of law and not of construction, and that consequently the expressed intention of the testator in its presence is inoperative even to the extent that testator declare the "heirs" shall take by purchase. He said "If the facts called for by the rule exist, the rule is to be inexorably applied."
The devise in Peer v. Hennion, supra, was:
"The said lands hereinbefore given by me to my daughter Catherine are given for and during her natural life, and after her decease I do give and devise the said lands to such person or persons as shall be her heirs of land held by her in fee-simple."
This followed the gift to Catherine of the land in general terms. The Court of Errors and Appeals held that testator clearly intended Catherine should take a life estate only with remainder to her heirs determinable upon her death. It reasons that the rule in Shelley's case was inapplicable because a condition precedent did not exist, namely, that the term "heirs" be used with legal import indicating that the life tenant is the ancestor from whom succession is to be regulated. The court said that the intent of the testator in using the word "heirs" must be determined before any consideration is given to the rule inShelley's case; and that the terms of the devise clearly showed the estate passed upon the life tenant's death to her heirs not as her successors but as the testator's devisees. It concluded that the rule in Shelley's case did not apply and that Catherine took a life estate only.
At first blush these cases appear to present conflicting rulings. Especially is this impression forceful as the limitations to the heirs of the life tenant in each of the devises literally are of similar connotation. Zane v. Weintz,65 N.J. Eq. 214 *Page 566 
(Ch. 1903). In the Lippincott case, the devise was that after the life interest the premises shall descend to the life tenant's lawful heirs. In the Peer case, the provision was that after the life tenant's death the lands shall pass to such person or persons as shall be her heir or heirs of land held by her in fee. It is perceived, however, that these opinions are predicated upon rulings that the devises in question differ in legal effect in that the heirs of the life tenant in the Lippincott case take as successors to his estate, whereas in the Peer case they take not from the life tenant but by purchase as the object of the testator's bounty.
In the case under consideration the devise directs that after the life tenant's death the premises shall go to such person or persons as would by law inherit the same if he had an estate in fee simple. This language cannot be distinguished from that construed in the Peer case. As in the latter case, the terms of the devise before me clearly indicate testator's intention that the persons designated to take the remainder were to take by purchase from him and not by descent from the first taker. The rule of the court of last resort laid down in the Peer case must control in this cause, despite the evaluation of almost identical language in Zane v. Weintz, supra. Accordingly, it is resolved that the fee to the premises in question passed by devise to the heirs of William M. Cook and that plaintiffs do not have a good and sufficient marketable title. The complaint is dismissed. *Page 567